UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL FUSCHAK, | No. C 11-3790 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| KATHLEEN DICKINSON, warden, | |
| Respondent. | |

## INTRODUCTION

David Michael Fuschak, a *pro se* prisoner, filed this action for a writ of habeas corpus to challenge his 2008 burglary conviction. Respondent has moved to dismiss the petition as untimely, and Fuschak has opposed the motion. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it. Due to the untimeliness of the petition, the court does not reach respondent's other argument for dismissal, i.e., that the petition contains some unexhausted claims.

## BACKGROUND

Following a jury trial in San Francisco County Superior Court, Fuschak was convicted of residential burglary with a person other than an accomplice present, and was sentenced to a term of eight years in state prison. He appealed. On January 29, 2009, the California Court of Appeal affirmed the judgment of conviction. Fuschak did not petition for review in the California Supreme Court.

Fuschak filed several state habeas petitions. On March 16, 2010, he filed a petition for writ of habeas corpus in the San Francisco County Superior Court ("state petition # 1"); that petition was denied on July 22, 2010. On November 2, 2010, Fuschak filed a petition for writ of habeas corpus in the California Court of Appeal ("state petition # 2"); that petition was denied on November 24, 2010. On December 7, 2010, he filed a petition for writ of habeas corpus in the California Supreme Court ("state petition # 3"); that petition was denied on July 13, 2011.

Fuschak then filed this action, seeking a writ of habeas corpus. The petition has a signature date of July 26, 2011, and came to the court in an envelope postmarked July 28, 2011. The petition was stamped "filed" on August 2, 2011. The federal petition is deemed to have been filed on July 26, 2011.[1]

**DISCUSSION**

A. <u>The Petition Is Untimely</u>

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

---

[1] The court has used the mailing dates from the proofs of service in the document at Docket # 8 to determine the filing dates for both the federal and state petitions. As a prisoner proceeding *pro se*, Fuschak receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The mailbox rule applies to the filing of the federal petition as well as the state petitions for purposes of calculating compliance with the AEDPA. *See id.; Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002).

Here, the judgment became final and the limitations period began on March 10, 2009, forty days after the California Court of Appeal filed its opinion on January 29, 2009, when the time to file a petition for review expired. *See Gonzalez v. Thaler*, No. 10-895, slip op. 1, 15 (U.S. Jan. 10, 2012) (for petitioners who do not pursue direct review to the highest state court, the judgment becomes final when the time for pursuing direct review in the state's highest court expires); Cal. Rules of Court 8.264(b)(1), 8.500(e)(1). The presumptive deadline for Fuschak to file his federal petition was March 10, 2010. He missed that deadline by more than a year, so unless he qualifies for substantial tolling, the petition is untimely.

Fuschak argues that the court should use the delayed starting date under 28 U.S.C. § 2244(d)(1)(D), which provides for the one-year limitations period to start on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." First, he argues that his limitations period should start from the unstated date in 2011 when he learned of the "AEDPA instructional error" in a handbook that had incorrect information about a limitations period issue. Docket # 10, p. 2. This argument fails because statute of limitations information is not the "factual predicate" of any habeas claim. Second, he argues that the one year limitations period should start from the date on which he obtained the court record. This argument does not help him because it results in an earlier (rather than later) starting date: he received the court record on or about February 2, 2009 and his conviction became final on March 10, 2009. *See* Docket # 10, p. 4. Section 2244(d)(1)(D) also does not provide for the extra 90 days Fuschak tacks on to the date he received the court record, nor could one reasonably need 90 days to read a transcript of a 3-day trial. This argument fails for the separate reason that the court records are not the factual predicate of any claim and Fuschak has not shown that he was unaware of the factual predicate of any particular claim without the court records. He was at the trial, and presumably was aware of what was occurring at the trial. *See, e.g., United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts

3

supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings"; because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)). Third, Fuschak argues that his appellate attorney's ineffectiveness impeded his discovery of facts supporting his claims, but fails to show what particular facts he was unable to learn due to counsel's actions and fails to show why he could not have promptly discovered those facts upon receipt of the court record from counsel. In addition to Fuschak's failure to show that § 2244(d)(1)(D) applies to him, there is the separate problem that none of the claims in his petition would be saved by its application because Fuschak did not file his federal petition within a year of such a starting date (i.e., 407 days passed before state petition # 1 was filed, and another 103 days of untolled time passed between the denial of state petition # 1 and the filing of state petition # 2). The delayed starting date under § 2244(d)(1)(D) does not apply here; the limitations period therefore started on March 10, 2009 when the conviction became final.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. at 219-20. Fuschak receives no statutory tolling because the first state petition was not filed until March 16, 2010, six days after the one-year limitations period had expired.[2]

---

[2] If state petition # 1 had been filed before the expiration of the one-year limitations deadline, Fuschak would have a different problem: i.e., his limitations period would have expired between the denial of state petition # 1 and the filing of state petition # 2. Fuschak would receive no *statutory* tolling for the 103-day gap between the denial of state petition # 1 and the filing of state petition # 2 because the latter was not filed within what California would consider a reasonable time. *See, e.g., Evans*, 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between

4

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows (1) that he pursued his rights with reasonable diligence and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

Fuschak argues that his late petition should be excused because a handbook he obtained from the prison law library in April 2009 provided incorrect information about the date of finality of a state court conviction for purposes of the AEDPA statute of limitations. Opposition (Docket # 18), p. 4. The handbook was ordered by Fuschak from the law library in April 2009. *See* Opposition Ex. 19. The handbook correctly noted the existence of the AEDPA one-year limitations period, but provided partially incorrect information about it:

> To comply with the AEDPA, almost every prisoner will have to file a federal habeas corpus petition within one year of the date their conviction becomes "final." *"Finality" occurs 90 days after the California Supreme Court denies review on direct appeal or, if no California Supreme Court review is sought, 90 days after sentencing or affirmance of the sentence by the Court of Appeal.* Only the time that a valid state habeas corpus petition is actually "pending" in the state courts will be tolled during the one-year limitations period for federal habeas corpus. Therefore, state court habeas corpus petitions should be prepared as soon as practicable after the conviction becomes final, and filed and moved through the state court system without delay.

Opposition Ex. 18 at p. 26 (emphasis added). The quoted text was incorrect in that, when (as here) a petitioner does not seek review in the California Supreme Court, the conviction becomes final 40 days, rather than 90 days, after the affirmance of his conviction. The error in the handbook does not warrant equitable tolling of the limitations period, however. A petitioner could find many written and oral sources that provide incorrect information about the law, information that does not apply to the petitioner's circumstances, or law that has been overruled

---

post-conviction applications in California is not "reasonable" and does not fall within *Carey*'s definition of the term "pending"); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91-day and 81-day delays between state habeas petitions were "'unreasonable'" with no indications from the California courts to the contrary); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days between successive petitions was not reasonable, so later petition was not "timely filed"); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (no tolling for 101-day and 115-day gaps between state habeas petitions where those petitions offered no justification for the delays as required under California law).

or otherwise is no longer applicable. The law changes, and a petitioner cannot reasonably rely on a 10-year old printed handbook to determine when to file his petition. Courts have not allowed equitable tolling for an attorney's miscalculation of the limitations period and general negligence. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (attorney's failure to recognize that the delays of 91 and 81 days would render the state petitions untimely was not the result of an "external force" but the result of prisoner's own actions). And courts have not allowed equitable tolling for reliance on bad advice from another prisoner. *See, e.g., Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998) (prisoners who assist other prisoners with legal matters "are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitation[] period, the time-bar would be rendered virtually meaningless.") The information source Fuschak allegedly relied on is somewhere between a retained attorney and a fellow prisoner; like bad information from those other sources, bad information from a handbook does not warrant equitable tolling.

Further, there is a complete absence of evidence of any diligence here during the relevant time. The record shows a flurry of activity while the direct appeal was pending, and then nothing (except the ordering of the handbook) for the next thirteen months until state petition # 1 was filed. On February 2, 2009, Fuschak's appellate attorney sent Fuschak a letter that (1) informed him that the California Court of Appeal had affirmed his conviction, (2) told him of the one-year deadline to file a federal habeas petition, (3) told him of the deadline to file a petition for review if he wanted to do so, and (4) forwarded to the client the transcript of the trial proceedings. The record shows that Fuschak was a demanding client with his appellate attorney while the appeal was pending in the California Court of Appeal. *See, e.g.,* Opposition Ex. 10 (letter dated November 17, 2008 from appellate counsel addressing seven different legal issues Fuschak had raised in earlier letters). However, other than obtaining the handbook in about April 2009, Fuschak presents no evidence of his efforts to pursue relief in the February 2009 -

March 2010 time period. There is no advantage to a non-capital prisoner to be slow in filing a collateral challenge to his conviction. Equitable tolling is not appropriate in the absence of diligence. *See generally Holland*, 130 S. Ct. at 2562 (petitioner must show both that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way to prevent timely filing); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Most importantly, even if the handbook's erroneous information about finality warranted equitable tolling, it would not save Fuschak because it would not result in *enough* equitable tolling to make his late federal petition timely. If the limitations period started 90 days after affirmance, it would have started on April 29, 2009, and 321 days of the 365-day period would have passed before Fuschak filed state petition # 1. He would have known at that moment that he had only 44 days left to get to federal court. But he delayed more than those 44 days – in fact, he took 103 days – to file state petition # 2. If the limitations period had started 90 days after affirmance, Fuschak was almost two months past the deadline to file his federal petition when he filed state petition # 2.[3] *See* footnote 2, *supra*.

---

[3] The handbook Fuschak claims to have relied on for the 90-days-after-affirmance information also would have told him that the courts were split as to how the tolling for the pendency of state court petitions would be calculated and that a petitioner should act swiftly to avoid missing the AEDPA deadline. If Fuschak actually relied on that handbook, he would never have thought he could take 100+ days after the denial of state petition # 1 to file state petition # 2. The handbook stated:

> Published decisions from other jurisdictions have gone both ways on this issue, and at least one case ("Neal") has held that the entire time from filing in the state superior court until denial by the highest state court is tolled (not counted) against the petitioner. As this book is being written there are no published decisions defining what "pending" means in the California federal courts, but unpublished cases (which are not binding, but are available on computer) have held that only the time actually on the docket at some level of the state review process is tolled. [¶] Therefore, the safest way to look at the "pending" issue is this: First, you should definitely start working on your Superior Court habeas corpus petition as soon as practicable after your conviction becomes final to use up as few days from the 365-day bank as you have to and still get a solid, comprehensive state habeas corpus petition on file with the Superior Court; thereafter you should use as few days as possible in between the denial of your petition by one state court and the filing

1  Fuschak also argues that he should receive equitable tolling due to limits on law library
2 visitation that allowed him only 6-8 hours per month in the library. *See* Docket # 18, p. 11. He
3 has described nothing more than the routine limitations faced by most incarcerated prisoner-
4 circumstances that do not warrant equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998
5 (9th Cir. 2009) ("ordinary prison limitations on . . . access to the law library and copier" do not
6 constitute extraordinary circumstances or make it impossible to file on time); *Chaffer v. Prosper*,
7 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing
8 a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too
9 busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of
10 prison life").

11  Fuschak has not shown that he pursued his rights with reasonable diligence and that some
12 extraordinary circumstance stood in his way and prevented timely filing. The limitations period
13 will not be equitably tolled.

14  Fuschak's federal petition was deemed filed on July 26, 2011, several months after the
15 limitations period had expired. The petition must be dismissed because it was not filed before
16 the expiration of the habeas statute of limitations period.

17  A certificate of appealability will not issue because this is not a case in which "jurists of
18 reason would find it debatable whether the petition states a valid claim of the denial of a
19 constitutional right and that jurists of reason would find it debatable whether the district court
20 was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

of it in the next higher court.

Opposition Ex. 18, p. 25. Fuschak's argument that the handbook "instructs that elapsed time between denials by one state court and filing in the higher court is tolled (not counted) against petitioner" unreasonably misreads the text. *See* Docket # 10, p. 2. When conflicting authorities are noted, one cannot simply pick the one favorable interpretation and ignore the others.

### B.  Petitioner's Motions

Fuschak filed several motions in which he made several arguments relevant to respondent's motion to dismiss. The court has read the arguments in petitioner's motions and considered them in connection with ruling on respondent's motion to dismiss. Because Fuschak labeled them as motions, the court needs to specifically rule on each one and now does so. Petitioner's "motion under 28 U.S.C. § 2244(d)(1)(A)(D) and under § 2244(d)(2) AEDPA one-year statute of limitations equitable tolling claim" is DENIED. (Docket # 3, # 10.) He is not entitled to equitable tolling or a delayed start of the limitations period. Petitioner's "motion requesting the court to apply the 'prisoner mailbox rule'" is GRANTED in that the court has applied the prisoner mailbox rule to the state and federal habeas petitions. (Docket # 8.) Petitioner's "motion under 28 U.S.C. 2254 requesting court to excuse potential procedural default etc." is DENIED for the reasons stated at pages 3-4 of the Order On Initial Review. (Docket # 11.) Petitioner's "motion in opposition of respondent's motion to dismiss" is DENIED in that the court rejects his arguments in opposition to respondent's motion. (Docket # 17.)

Petitioner's "motion under 28 U.S.C. § 2250 requesting court to furnish petitioner without cost certified copy of part of the record" is DENIED. (Docket # 7.) The motion is moot in light of the dismissal of the petition as untimely.

### CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 16.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

The clerk will close the file.

IT IS SO ORDERED.

DATED: January 10, 2012

_____
SUSAN ILLSTON
United States District Judge